UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-22963-CIV-MARTINEZ

ERNESTO GALLARDO FERNANDEZ,

        Petitioner,

v.

TODD BLANCHE, *et al.*,

        Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Ernesto Gallardo Fernandez's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 7]. Petitioner challenges his immigration detention at Krome North Service Processing Center without having been afforded an individualized bond determination. (*See generally* [ECF No. 7]). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Amended Petition should not be granted. (May 5, 2026 Order [ECF No. 9]). Respondents filed their Response to the Court's show cause Order on May 7, 2026, [ECF No. 10], and Petitioner filed a Reply, [ECF No. 11], in support of his Amended Petition. The Court has considered the Amended Petition, the Response, the Reply, the record, and applicable law. For the following reasons, and in accordance with this Order, the Amended Petition is **GRANTED in part**.

Petitioner is a native of Cuba who has resided in the United States since September 11, 2023. (*See* Am. Pet. ¶¶ 2-3). Petitioner was paroled into the United States on that date, with his parole to expire on September 9, 2025. (*Id.* ¶ 4). On August 30, 2025, Petitioner was arrested for battery on a law enforcement officer (Count 1), tampering with physical evidence (Count 2),

resisting an officer without violence (Count 3), and cannabis possession (Count 4). (*Id.* ¶ 7). On September 2, 2025, Petitioner was transferred to the custody of the Department of Homeland Security ("DHS"), (*id.*; *see also* Resp. 2), and U.S. Immigration and Customs Enforcement ("ICE") issued a Notice to Appear, charging Petitioner as an arriving alien removable under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I) for failure to possess valid entry documents. (*See* Notice to Appear [ECF No. 7-7]). By operation of law, that charging document instantly terminated Petitioner's parole. *See* 8 CFR § 212.5(e)(2)(i) ("When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified.").

Petitioner asserts that Respondents' revocation of his parole violates the Administrative Procedure Act, Suspension Clause, and Due Process Clause of the Fifth Amendment, and his continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226.[1] (*Id.* ¶¶ 40-62). Petitioner asks the Court to order Respondents to immediately release him from custody or, alternatively, to give him an individualized bond hearing pursuant to 8 U.S.C. § 1226. (*Id.* 13).

In their Response, Respondents argue that "Petitioner is subject to mandatory detention under § 1225(b)(2), because he was present in the United States without being admitted or paroled," which means he is not entitled to a bond hearing. (Resp. 3-4). Specifically, Respondents rely on 8 U.S.C. § 1182(d)(5)(A), which states that DHS's discretionary parole of an alien "shall not be regarded as an admission of the alien and when the purposes of such parole shall . . .have

---

[1]     The Court need not consider Petitioner's argument that the revocation of his parole violates the Administrative Procedure Act, Suspension Clause, and Due Process Clause because ICE's September 2, 2025 Notice to Appear, [ECF No. 7-7], terminated Petitioner's parole. *See* 8 CFR § 212.5(e)(2)(i) ("When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified.").

been served[,] the alien shall forthwith return or be returned to the custody from which he was paroled[.]" (*See id.* citing 8 U.S.C. § 1182(d)(5)(A)). Respondents argue that because "DHS's discretionary parole of an alien 'shall not be regarded as an admission of the alien,' Petitioner is an 'arriving alien' who must be detained under § 1225(b)(2). (*Id.* 4) (alterations added).

The Court declines to adopt Respondents' interpretation of 8 U.S.C. § 1182(d)(5)(A). "[D]istrict courts across the country have consistently held that the expiration of § 1182 parole does not require treating the noncitizen as if they had never been paroled in the first place." *Linarez v. Stamper*, No. 1:26-cv-101-JAW, 2026 WL 592294, at * 5 (D. Me. Mar. 3, 2026). *See also Montiel v. Raycraft*, No. 1:25-CV-1610, 2026 WL 32076 at *3 (W.D. Mich. Jan. 6, 2026); *Matkarimov v. Noem*, No. 26-48-DLB, 2026 WL 700072, at *2 (E.D. Ky. Mar. 12, 2026); *Rodriguez Valencia v. Noem*, No. 3:26-CV-297-MMH-PDB, 2026 WL 730318, at *5 (M.D. Fla. Mar. 16, 2026); *Coal. For Human Immigrant Rights v. Noem*, 805 F. Supp. 3d 48, 85 (D.D.C. Aug. 1, 2025). Instead, "Section 1182(d)(5)(A) suggests that rather than reverting to any prior status, a noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 302 (E.D.N.Y. 2025), *appeal dismissed*, No. 26-219, 2026 WL 1208948 (2d Cir. Feb. 25, 2026). Further, Supreme Court has confirmed that "nothing in this text [of Section 1182(d)(5)(A)] ... affirmatively authorizes detention," so the statute is not an independent authority to detain parolees following the expiration of parole. *Clark v. Martinez*, 543 U.S. 371, 385, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005).

Here, Petitioner can no longer be classified as a noncitizen "who is arriving in the United States" even though he was initially detained upon his arrival on September 11, 2023. When DHS most recently detained him on September 2, 2025—nearly two years after he entered the United

CASE NO. 26-22963-CIV-MARTINEZ

States—Petitioner was not in the process of "arriving" in the United States. Thus, Petitioner is not properly detained under § 1225(b)(2) as Respondents contend. Instead, his detention is governed by § 1226. *See Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609 at *3 (S.D. Fla. Oct. 15, 2025); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 at *1 (11th Cir. May 6, 2026). And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition [ECF No. 7] is **GRANTED in part** to the extent Petitioner asks this Court to direct the immigration court to give him an individualized bond hearing consistent with 8 U.S.C. § 1226(a).

2. Respondents shall promptly notify the Court of compliance with this Order.

3. The Clerk is directed to **CLOSE** this case for administrative purposes only.

**DONE AND ORDERED** in Miami, Florida, this _2_ day of June 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    all counsel of record

4